UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONNIE BORGARD,

                Plaintiff,

    -vs-                                          Case No.  6:10-cv-1336-Orl-22GJK

7-ELEVEN, INC.,

                Defendant.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

      This cause came on for consideration without oral argument on the following motion:

| MOTION: | JOINT MOTION TO APPROVE SETTLEMENT(Doc. No. 33) |
|---|---|
| FILED: | May 13, 2011 |
| THEREON it is RECOMMENDED that the motion be GRANTED. | |

      Plaintiff and Defendant jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.  Doc. No. 33.

      Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect.  As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under
> the FLSA can be settled or compromised by employees.  First,
> under section 216(c), the Secretary of Labor is authorized to
> supervise payment to employees of unpaid wages owed to them. . .
> . The only other route for compromise of FLSA claims is provided
> in the context of suits brought directly by employees against their
> employer under section 216(b) to recover back wages for FLSA
> violations.  When employees bring a private action for back wages
> under the FLSA, and present to the district court a proposed
> settlement, the district court may enter a stipulated judgment after
> scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery
> completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")).  In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.*[2]   In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.  *Id.*  When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee

---

[2] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority.

improperly detracts from the plaintiff's recovery.[3]   Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4]   It is the Court's responsibility to ensure that any such allocation is reasonable.  *See Silva*, 307 Fed.Appx. at 351-52.  In doing so, the Court uses the lodestar method for guidance.  *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009).  As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide.  In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA coverage and retaliation, which constitute a bona fide dispute.  *See* Doc. Nos. 22, 29, 33, 33-1.  The parties were represented by independent counsel who are obligated to vigorously represent their clients.  *Id*.  The parties agreed to settle Plaintiff's claims in exchange for a release of all claims for a total sum of $15,600.00, representing $5,400.00 payable to Plaintiff for unpaid overtime wages, $2,700.00 payable to Plaintiff for half of her liquidated damages, and $7,500.00 payable to Plaintiff's counsel for attorneys' fees and costs.  Doc. Nos. 33 at 2, 4, 33-1 at 4.  Plaintiff originally calculated $5,400.00 in unpaid overtime wages plus an equal amount of liquidated damages.  Doc. No. 33 at 3.  In the Motion, Plaintiff states that she agreed to compromise her claim based the

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

continuing dispute between the parties, the application of FLSA exemptions, and Defendant's other possible defenses.  Doc. No. 33 at 3.  Both parties state that they agreed to settle the matter to avoid the expense, disruption, and uncertainty of continued litigation.  *Id*. It is recommended that the Court find Plaintiff's compromise and the total settlement amount are reasonable.

Under the Agreement, Plaintiff's counsel will receive $7,500.00 in attorney's fees and costs. Doc. No. 33-2 at 4.  In the Motion, Plaintiff's counsel states that he has compromised his total claim for fees and that "[t]he parties agreed to Plaintiff's attorneys' fees separately and without regard to the amount paid to settle Plaintiff's FLSA claim." Doc. No. 33 at 2.  Therefore, the parties represent that they negotiated the net settlement proceeds Plaintiff will receive separately and apart from the amount of attorneys' fees and costs Plaintiff's counsel will receive.

In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel</u>.

*Bonetti*, 2009 WL 2371407 at * 5 (emphasis added).  Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.*  The undersigned finds this reasoning persuasive. In this case, the Agreement constitutes a compromise of Plaintiff's claims, the Motion states a reasonable basis for such compromise (see

*supra*), and the parties represent that Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees and costs. Given the record in this case, there is no reason to believe the Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel. Accordingly, it is recommended that the Court find the Agreement is fair and reasonable.

**THEREON**, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 33) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite the final disposition of this case, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on June 8, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented parties